**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RUSSELL and KIM RASNER, *et al*.<br><br>                        Plaintiffs,<br>    v.<br><br>KOPELOWITZ OSTROW, P.A.,<br>and ANDREW DALE LEDBETTER,<br><br>                        Defendants. | Civil Action No. 2019 Civ<br><br>(Removed from the Circuit Court of Cook County, Illinois, Case No. 19 L 008443) |

**NOTICE OF REMOVAL TO THE U.S. DISTRICT COURT**

Defendant, ANDREW DALE LEDBETTER, by and through undersigned counsel and pursuant to Sections 1334 and 1452 of Title 28 of the United States Code, and Rule 9027 of the Federal Rules of Bankruptcy Procedure, hereby removes this action from the Circuit Court of Cook County Illinois, County Department, Law Division (Case No. 2019L008443), to the United States District Court for the Northern District of Illinois, and in support thereof states as follows:

**INTRODUCTION**

1. This Notice of Removal is filed in accordance with 28 U.S.C. §§ 1334 and 1452. A true and correct copy of all state court process, pleadings, and orders are attached hereto as Composite Exhibit "A".

2. Section 1452 of title 28 of the United States Code provides for the removal of actions related to bankruptcy cases, and states in relevant part:

> (a) **A party may remove any claim or cause of action in a civil action** other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, **to the district court** for the district where such civil action is pending, **if such district court has jurisdiction of**

> **such claim or cause of action under section 1334** of this title.

28 U.S.C. § 1452(a) (Emphasis added).

3. Section 1334(b) of title 28 of the United States Code, in turn, provides:
   > (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the **district courts shall have original** but not exclusive **jurisdiction of all civil proceedings** arising under title 11, or arising in or **related to cases under title 11**.

28 U.S.C. § 1334(b) (Emphasis added).

## BACKGROUND AND PREDICATE

4. On July 27, 2018, 1 Global Capital LLC ("1 Global") filed its voluntary petition for bankruptcy relief under chapter 11 of the United States Bankruptcy Code (11 U.S.C. § 101 et. seq., hereinafter the "Bankruptcy Code"), which bankruptcy petition is currently pending before U.S. Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division (the "Bankruptcy Court"), as Case No. 18-19121-RBR (the "Bankruptcy Case").

5. On July 31, 2019, Russel and Kim Rasner and 105 other plaintiffs (collectively, the "Plaintiffs"), filed their initial Complaint (the "Complaint") in the Circuit Court of Cook County, Illinois, County Department, Law Division, captioned *RUSSELL and KIM RASNER, CHRISTOPHER SHEALY, MARY GERACI, STEVEN ZIOLKOWSKI, PATRICAAND GARY DAVIS, JOHN DAMAS, DIANE ZWICKER, MARILYN and JAMES BROCK, VLADIMIR TSIMBERG, JEFFREY SCHROEN, JEFF RUTTER, LILLIAN POWERS, BARBARA BISHOP, DAVID EBERHARD, MICHELLE PIASNY, BERT AND CYNTHIA GARNSEY, ROBERT SAJDAK, MICHAEL TETA, GERALD GROSS, BONNIE GREER, TERRY HARDT, ROBERT WEBB, MINOO AND AMY SUMARIWALLA, GREGORY LOJKUTZ, NANCY GOLDEN,*

*KAREN A. CLARK, ALEYAMMA VARGHESE, JOHN AND SHEILA GURA, WARREN COPLER, ANNETTE DORSEY, JOAN WERNER, MARY JO CERNOK, DONNA LASOTA, WALTER NEUHENGEN, SCOTT LYON, MARK PELLEGRINI, ROGER and JANET BLADEK, JAMES and JOYCE SPACHMAN, KAREN BERTCH, DENISE and WILLIAM PRICE, DONALD AND AGNES BERG, JOHN BOCHANTINE, BERNADETTE COOK, MARIE UDARBE, RAYMOND HOYNE, ROBERT OGLE, VADE SURESH, ROBERT and KATHLEEN CARLSON, JOSEPH KIRBY, LARRY LUNDSTROM, EDWARD and NATALIE SMITH, ANTOINETTE TOMCZAK, PHIROZ AND NILUFER DARUKHANAVALA, OM DHINGRA, ALAN KACIC, WESLEY RANDALL, SHEILA GUT, ERIC KELLEY, KAREN THOMPSON, DONNA BAUDRY, JANICE MAREK, KIRK COLEMAN AND MICHELE TOMEO, DANIEL GULLEY, ELIZABETH EDMOND, MARIA GATLIN, BARBARA ANDLER, DAWN TRECARTIN, BENJAMIN WILLINGHAM, PHILIP and KIMBERLY GLAVAN, CATHERINE MORASK, KENNETH ZIOBRO, LARRY LOBER, JANICE CIERNIAK, ROBERT MORAVEK, ANNE GERTH, RAMESH AND KUMUD PATEL, JIM ASHTON, NANCY PAULOS CATHLEEN LECHOWICZ, KARL LECHOWICZ, GARY STEPHENS, BERNARD EGAN, GARY AND ANGELINA KULA, CLAUDE AVVISATI, ROY MARCUS, PATRICIA LEWIS, BARBARA CARDELLI, LEONARD WEBER, and KRIS HAJEK v. KOPELOWITZ OSTROW PA and ANDREW DALE LEDBETTER*, Case No. 2019 L 008443, which action is now pending (the "State Court Action").

  6. Andrew Dale Ledbetter ("Ledbetter") is named as a defendant in the Complaint but has not been served with process of the Complaint.

  7. In the State Court Action, Plaintiffs assert claims for relief against defendants Ledbetter and Kopelowitz Ostrow, P.A. ("KO" and together with Ledbetter, the "Defendants") for alleged negligence of the Defendants in the performance of legal services and legal advice in

connection with loans made by the plaintiffs to 1 Global. Each of the Plaintiffs is a creditor of 1 Global in the Bankruptcy Case, and has or should have filed proofs of claim in the Bankruptcy Case.

## REMOVAL

8. Removal of the State Court Action to the District Court is founded on the basis of 28 U.S.C. §§ 1334(b) and 1452(a) in that it is related to 1 Global's Bankruptcy Case, filed under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, hereinafter the "Bankruptcy Code"). *See also* ¶¶ 2-4, *supra*.

9. As set forth by the Seventh Circuit, a case is "related to" a bankruptcy proceeding if the resolution of the case "affects the amount of property available for distribution or the allocation of property among creditors." *Home Ins. Co. v. Cooper & Cooper, Ltd.,* 889 F.2d 746, 749 (7th Cir. 1989) (quoting *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir 1987) (internal quotations omitted). "Related to" jurisdiction is broadly construed because such jurisdiction is "intended to encompass tort, contract, and other legal claims by and against the debtor . . . so that all claims by and against the debtor can be determined in the same forum." *Zerand-Bernal Grp., Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994).

10. As set forth by the Eleventh Circuit[1], the "usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy *if* the outcome could *alter the debtor's rights*, *liabilities, options,* or freedom of action (either positively or negatively) and which *in any way* impacts upon the handling and administration of the bankruptcy estate." *In re Lemco Gypsum, Inc.*, 910 F.2d 784,

---

[1] The Bankruptcy Court is located in the Eleventh Circuit.

788 (11th Cir. 1990) (emphasis added) (adopting the standard set forth in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d. Cir. 1984)); *see also In re First NLC Fin. Services, LLC*, 410 B.R. 726, 732 (Bankr. S.D. Fla. 2008) (Hyman, J.) (finding "related to" jurisdiction under the *Lemco* recitation where plaintiff filed complaint against debtor and non-debtor defendants seeking liability for the joint conduct).

11. Thus, a "related to" matter does not find its source in the Bankruptcy Code such that it could not be pursued outside a Title 11 case, but "nonetheless bears a connection with the title 11 case sufficient to bring it within federal bankruptcy jurisdiction." *In re Gladstone*, 513 B.R. 149, 153 (Bankr. S.D. Fla. 2014) (Kimball, J.).

12. Here, Plaintiffs allege liability against Ledbetter and KO based upon alleged negligence of the defendants in the performance of legal services and legal advice in connection with loans made by the Plaintiffs to 1 Global.

13. In support of their claim, Plaintiffs also allege, *inter alia*, that Ledbetter was the "outside counsel" for 1 Global. *See, e.g.,* Complaint p. 12-13, ¶ 119-134.

14. The allegations raised in the State Court Action against the Defendants, including Ledbetter, are intrinsically tied to, and indeed predicated upon, (1) the alleged acts and omissions of 1 Global, the debtor in the Bankruptcy Case, in the sale of the alleged unregistered securities and (2) the Proofs of Claim filed by one or more of the Plaintiffs against 1 Global for those Plaintiffs' loans to 1 Global. More importantly, the claims raised in the State Court Action bear a connection to 1 Global's Bankruptcy Case and could impact the handling and administration of 1 Global's bankruptcy estate, especially where Defendants are alleged to be jointly and severally liable with 1 Global for damages. Indeed, the outcome of the State Court Action could likely

alter 1 Global's rights, liabilities, or options. *See In re First NLC Fin. Services, LLC*, 410 B.R. at 732.

15. As a result, the State Court Action is clearly and plainly "related to" 1 Global's Bankruptcy Case.

16. Rule 9027 of the Federal Rules of Bankruptcy Procedure provides that "[i]f a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons." Fed. R. Bankr. P. 9027(a)(3).

17. This Notice of Removal is filed within thirty (30) days after the filing of the Complaint. *Id*.

18. Once removed, Ledbetter will seek to have this removed action transferred to the U.S. District Court for the Southern District of Florida, to then be referred to the Bankruptcy Court.

19. No previous application for removal has been made in this case.

20. A copy of this Notice of Removal will be promptly provided to each party through counsel, and filed with the Clerk of the Circuit Court of Cook County Illinois. *See* Fed. R. Bankr. P. 9027(b)-(c).

21. In accordance with Federal Rule of Bankruptcy Procedure 9027(a)(1), Ledbetter states that he does not consent to the entry of final orders or judgments by the Bankruptcy Court.

22. In filing this Notice of Removal, Ledbetter does not waive, and specifically reserves, any and all objections to service, personal jurisdiction, venue, defenses, exceptions,

rights, and motions. No statement herein, or omission herefrom, shall be deemed to constitute an admission by Ledbetter of any of the allegations of, or the relief sought in, the Operative Complaint or any subsequent amendment thereto.

WHEREFORE Defendant, ANDREW DALE LEDBETTER, through his undersigned counsel, hereby removes this action from the Circuit Court of Cook County Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated this 29th day of August, 2019.

        Respectfully submitted,

        FRANKGECKER LLP
        1327 W. Washington Blvd., Suite 5G-H
        Chicago, IL 60607
        Tel: (312) 276-1400
        Fax: (312) 276-0035

        By: /s/ *Jeremy C. Kleinman*
            JEREMY C. KLEINMAN
            *Illinois Bar No. 6270080*
            jkleinman@fgllp.com

        and

        TRIPP SCOTT, P.A.
        *Counsel for Dale Ledbetter*
        110 Southeast 6th Street, 15th Floor
        Fort Lauderdale, Florida 33301
        Tel: (954) 525-7500
        Fax: (954) 761-8475

        By: /s/ *Charles M. Tatelbaum*
            CHARLES M. TATELBAUM
            *Florida Bar No. 177540*
            cmt@trippscott.com
            hbb@trippscott.com
            eservice@trippscott.com
            EDWARD R. CURTIS
            *Florida Bar No. 236845*

                                                                                                           erc@trippscott.com
                                                                                                            pfb@trippscott.com
                                                                                   eservice@trippscott.com
                                                                            CHRISTINA V. PARADOWSKI
                                                                                *Florida Bar No. 056708*
                                                                                         cvp@trippscott.com
                                                                                    hbb@trippscott.com
                                                                              eservice@trippscott.com

## **CERTIFICATE OF SERVICE**

I, Jeremy C. Kleinman, an attorney, state that on **August 29, 2019**, a copy of the foregoing **Notice of Removal to the U.S. District Court** was served via first class United States mail, postage prepaid, upon the parties listed below:

Alexander Loftus
Ryan Moore
STOLTMANN LAW OFFICES, P.C.
161 N. Clark Street, Suite 1600
Chicago, IL 60603

By:    */s/ Jeremy C. Kleinman*