# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RUSSELL and KIM RASNER, et al<br><br>Plaintiffs,<br>v.<br><br>KOPELOWITZ OSTROW, P.A. and<br>ANDREW DALE LEDBETTER,<br><br>Defendants. | Case No.: 1:19-cv-05833 |

## PLAINTIFFS' MOTION FOR REMAND

Plaintiffs, RUSSELL AND KIM RASNER, CHRISTOPHER SHEALY, MARY GERACI, STEVEN ZIOLKOWSKI, PATRICAAND GARY DAVIS, JOHN DAMAS, DIANE ZWICKER, MARILYN AND JAMES BROCK, VLADIMIR TSIMBERG, JEFFREY SCHROEN, JEFF RUTTER, LILLIAN POWERS, BARBARA BISHOP, DAVID EBERHARD, MICHELLE PIASNY, BERT AND CYNTHIA GARNSEY, ROBERT SAJDAK, MICHAEL TETA, GERALD GROSS, BONNIE GREER, TERRY HARDT, ROBERT WEBB, MINOO AND AMY SUMARIWALLA, GREGORY LOJKUTZ, NANCY GOLDEN, KAREN A. CLARK, ALEYAMMA VARGHESE, JOHN AND SHEILA GURA, WARREN COPLER, ANNETTE DORSEY, JOAN WERNER, MARY JO CERNOK, DONNA LASOTA, WALTER NEUHENGEN, SCOTT LYON, MARK PELLEGRINI, ROGER AND JANET BLADEK, JAMES AND JOYCE SPACHMAN, KAREN BERTCH, DENISE AND WILLIAM PRICE, DONALD AND AGNES BERG, JOHN BOCHANTINE, BERNADETTE COOK, MARIE UDARBE, RAYMOND HOYNE, ROBERT OGLE, VADE SURESH, ROBERT AND KATHLEEN CARLSON, JOSEPH KIRBY, LARRY LUNDSTROM, EDWARD AND

NATALIE SMITH, ANTOINETTE TOMCZAK, PHIROZ AND NILUFER DARUKHANAVALA, OM DHINGRA, ALAN KACIC, WESLEY RANDALL, SHEILA GUT, ERIC KELLEY, KAREN THOMPSON, DONNA BAUDRY, JANICE MAREK, KIRK COLEMAN AND MICHELE TOMEO, DANIEL GULLEY, ELIZABETH EDMOND, MARIA GATLIN, BARBARA ANDLER, DAWN TRECARTIN, BENJAMIN WILLINGHAM, PHILIP AND KIMBERLY GLAVAN, CATHERINE MORASK, KENNETH ZIOBRO, LARRY LOBER, JANICE CIERNIAK, ROBERT MORAVEK, ANNE GERTH, RAMESH AND KUMUD PATEL, JIM ASHTON, NANCY PAULOS, CATHLEEN LECHOWICZ, KARL LECHOWICZ, GARY STEPHENS, BERNARD EGAN, GARY AND ANGELINA KULA, CLAUDE AVVISATI, ROY MARCUS, PATRICIA LEWIS, BARBARA CARDELLI, LEONARD WEBER, AND KRIS HAJEK pursuant to 28 U.S. Code § 1447, respectfully ask this Court to Remand this case to the Circuit Court of Cook County. In support of their motion, Plaintiffs state as follows:

## I. INTRODUCTION

This is a negligence claim against Andrew "Dale" Ledbetter ("Ledbetter"), an attorney, "investor advocate", and ultimately, salesman, who made over $1,000,000 in commissions selling a Ponzi scheme to mom and pop investors who lost over $20,000,000 as a result of Ledbetter's acts and omissions. The Ponzi scheme went into bankruptcy (Southern District of Florida Case No. 18-19121-RBR "Bankruptcy") and through some procedural magic Ledbetter is trying to use his South Florida connections to settle out his liability for a $50,000,000 loss for just $130,000 and bar Plaintiffs' claims. This chicanery must stop and the first step is remanding this action to the Circuit Court of Cook County. As discussed herein, this Court is bound by statute to abstain from this action and remand it. This is a clear question that can be disposed of from the bench without briefing.

## II. LEGAL STANDARD

When the removal of an action to federal court is contested, "the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979), *quoting McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Out of respect for the independence of state courts, and in order to control the federal docket, "federal courts construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991) (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 589 (S.D. Ill. 2007) (*quoting Doe v. Allied-Signal*, Inc., 985 F.2d 908, 911 (7th Cir. 1993)). *See also Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006) ("Doubts concerning removal must be resolved in favor of remand to the state court.").

### III. ARGUMENT

### A. ABSTENTION IS MANDATORY PURSUANT TO § 1334(C)(2).

Mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) applies when the following four elements are met: (1) the claim states a state law cause of action that, although may be related, does not arise in or under the Bankruptcy Code; (2) there is no independent basis for federal jurisdiction apart from the bankruptcy; (3) the claim was already filed in a state court; and (4) the claim could be timely adjudicated by the state court. *In re DeMert & Dougherty, Inc.*, 271 B.R. 821, 842 (Bankr. N.D. Ill. 2001)). *In re Hearthside Baking Co., Inc.*, 391 B.R. 807, 814, 2008 Bankr. LEXIS 2953, *11-12, 50 Bankr. Ct. Dec. 107 (Bankr. N.D. Ill. 2008).

In this case each of the elements are met:

**(1) The claim states a state law cause of action that does not arise in or under the Bankruptcy Code.**

The first element is satisfied because the only claim against Ledbetter is limited to common law negligence. The claims against the other Defendants are negligence and seek a determination as to insurance coverage. A claim "arises under" title 11 when it involves a cause of action "created or determined by a statutory provision of title 11." *In re Hearthside Baking Co., Inc.*, 391 B.R. at 814. A claim that "arises in" in a case under title 11 is a claim that would not exist if it arose outside of bankruptcy. *Id*. Defendant does not even attempt to argue the claims arise under title 11 and provide no facts or argument in support of this element.

**(2) There is no independent basis for federal jurisdiction apart from the bankruptcy.**

The second element for abstention is not satisfied because there are no federal statutory claims alleged and the parties are not diverse in citizenship. Plaintiff Annette Dorsey is a citizen of Florida as are Defendants KO and Ledbetter.

4

**(3) The claim is filed in a state court.**

The action is pending in the Circuit Court of Cook County and in fact was originally filed on February 13, 2019, which plaintiffs voluntarily dismissed without prejudice, at Ledbetter's insistence in order to allow time to mediate the claims with Plaintiffs. No offer was made and Ledbetter seized this opportunity to continue his fraud to enter into a side-deal with his fellow South Florida insolvency attorneys to settle for pennies on the dollar and seek to bar the claims of hundreds of investors he stole undisclosed commissions from. When this second swindle came to light, Plaintiffs immediately filed a flurry of actions covering every possible claim against Ledbetter including the instant action.

**(4) The claim could be timely adjudicated by the state court.**

The Circuit Court of Cook County is efficient in prosecuting claims and most cases reach trial in less than two years. This is certainly more efficient than the jurisdictional dance Ledbetter proposes which requires several steps before the case can even be assigned to the judge in the Southern District of Florida Bankruptcy Division.

Based on the forgoing, this claim should be remanded to the Circuit Court of Cook County. Any doubt on this question should be resolved in favor of limiting the burden on the very busy Northern District of Illinois. *See Alsup*, 435 F. Supp. 2d at 841.

**B. THE COOK COUNTY CLAIM IS NOT EVEN RELATED TO THE 1ST GLOBAL BANKRUPTCY**

This action should be remanded because the claims against Ledbetter and his firm are not even related to the Bankruptcy. There is no showing in the notice of removal of how there's a connection besides Ledbetter's desire to settle short with his pals in South Florida and enter a bar order there to complete his fraud. As alleged in the Complaint, Ledbetter was retained by 1 Global
5

to give legal advice to investors. Ledbetter gave this advice negligently and received a hefty commission on the sales made based on his advice. There is no claim against 1 Global. Ledbetter, though Kopelowitz Ostrow, P.C. ("KO"), was retained counsel acting on his own accord.

A claim is "related to" title 11 when its resolution "affects the amount of property available for distribution or the allocation among creditors." *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989); *see also In re FedPak Sys., Inc.*, 80 F.3d 207, 213-14 (7th Cir. 1996). A mere overlap between the claim and the debtor's affairs does not meet proper "related to" jurisdiction. *Home Ins. Co.*, 889 F.2d at 749. Typically, claims for damages by one non-debtor against another non-debtor do not suffice for proper bankruptcy jurisdiction. *In re Federalpha Steel LLC*, 341 B.R. 872, 880 (Bankr. N.D. Ill. 2006). The question of property available is not an issue where Ledbetter and KO have only agreed to pay $230,000 to the Bankruptcy. This is about 15% of the commissions Ledbetter received.

Questions about whether a claim is "integral" to the bankruptcy process and whether the claim has a "close nexus" to the plan or the bankruptcy are important under some views of "related to" jurisdiction, *see, e.g., Binder v. Price Waterhouse & Co.*, 372 F.3d 154, 166-67 (3rd Cir. 2004), but not under the Seventh Circuit's "narrow view," *Doctors Hosp. of Hyde Park, Inc. v. Desnick*, 308 B.R. 311, 317 (Bankr. N.D. Ill. 2004); *see Elscint, Inc. v. First Wis. Fin. Corp.*, 813 F.2d 127, 131 (7th Cir. 1987) (stating that "related to" jurisdiction provides a forum for "claims to the [debtor's] assets" and "extends no farther than its purpose"). Following the Seventh Circuit's narrow view this claim is not even related since there is no claim to the debtor's assets.

### C. IN THE ALTERNATIVE, THE ACTION SHOULD BE REMANDED PURSUANT TO 28 U.S.C. § 1452 OR 28 U.S.C. § 1334(c)(1).

Equitable remand as dictated by 28 U.S.C. § 1452 or permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) are both warranted in this case. The standard applicable for both is essentially

the same. *In re Chapman*, 132 B.R. 153, 158 (Bankr. N.D.Ill. 1991). Section 1334(c)(1) "allows the district court to abstain from a case related to title 11 'if it is in the interests of justice, or in the interest of comity with State courts or respect for State law . . . .'" *Baxter Healthcare Corp. v. Hemex Liquidation Trust,* 132 B.R. 863, 869, 1991 U.S. Dist. LEXIS 15350, *20 (Bankr. N.D. Ill. 1991). To determine whether permissive abstention is applicable here, this Court must consider the following twelve factors articulated by the Ninth Circuit in *In re Tucson Estates, In*c.:

> **(1) The effect or lack thereof on the efficient administration of the estate if a Court recommends abstention.**

First, as discussed *supra* page four, this action is not related to the Bankruptcy thus this factor is moot. Second, remand will have zero effect on the administration of the Estate. Ledbetter has a motion for a bar order pending which if successful will complete the fraud and defeat Plaintiffs' claims. Accordingly, there is no need to burden this court with this action while the bar order is litigated for months or years through appeal.

> **(2) The extent to which state law issues predominate over bankruptcy, issues.**

In this case, there are no bankruptcy issues raised at all in the Cook County Matter. This factor goes squarely in favor of remand.

> **(3) The difficulty or unsettled nature of the applicable law.**

The Cook County Action presents fairly ordinary claims. The gist of the allegations is that Ledbetter was negligent in rendering horrible legal advice. The Circuit Court of Cook County is well suited to resolve this claim.

> **(4) The presence of a related proceeding commenced in state court or other nonbankruptcy court.**

There are numerous claims against Ledbetter pending in DuPage County, the Circuit Court of Cook County, Central District of California, and Southern District of Florida. There are far more claims against Ledbetter pending in Circuit Courts of Northern Illinois, where he made his sales pitch than anywhere else.

**(5) The jurisdictional basis, if any, other than 28 U.S.C. § 1334.**

As discussed there is no basis for this claim to burden this Court.

**(6) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case.**

As discussed *supra* page four, this claim has nothing to do the Bankruptcy besides Ledbetter's desire to complete the fraud by settling short via a procedural trick with his pals.

**(7) The substance rather than form of an asserted "core" proceeding.**

This is no allegation that this is a "core" proceeding and is in fact remote to the bankruptcy.

**(8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.**

As discussed *supra* page four, this claim has nothing to do with the Bankruptcy besides Ledbetter's desire to complete the fraud by settling short via a procedural trick. Ledbetter or the other Defendants can settle with the Trustee then have plenty of ill-gotten gains leftover to settle with the remaining victims. The actions can proceed separately.

**(9) The burden of Court's docket**

The Northern District of Illinois is currently short several judges and this Court is assigned several hundred matters. The burden is tremendous and adding this hotly litigated claim will compound the problem. This cause can be remanded from the bench without a written opinion instanter.

**(10) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.**

Defendants are well connected, established, South Florida attorneys. They would like nothing better than to have this case heard on their home court with a friendly Trustee and Court willing to assist them in escaping with their ill-gotten gains. Plaintiffs are primarily citizens of this District who were victimized by legal advice rendered in this District.

**(11) The existence of a right to a jury trial.**

Were Ledbetter to succeed in transferring this matter to Bankruptcy Court Plaintiffs would be deprived of their right to a jury trial.

**(12) The presence in the proceeding of nondebtor parties**.

This factor is the most obvious. There are no debtor parties to this action. It is wholly remote from the Bankruptcy.

*In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990); *Matter of Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993). "Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." *In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d at 1189. Accordingly there should be no doubt that this action has no place in Federal Court.

**D. FEES SHOULD BE AWARDED PURSUANT TO SECTION 1447(C).**

Ledbetter took approximately $1,000,000 and is trying to complete his fraud by securing a settlement on his home court in South Florida for just $130,000. As detailed above, abstention is obvious on the face of this and the "relation" to the Bankruptcy is tenuous at best.

Section 1447(c) provides that [a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Absent unusual circumstances, the Court may award attorney's fees pursuant to Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Lott v. Pfizer*, Inc., 492 F.3d 789, 794 (7th Cir. 2007) ("Because Pfizer had an objectively reasonable basis for seeking removal, the district court erred by awarding the plaintiffs their attorneys' fees under § 1447(c)."). In this case, the law is well settled and clear, that this Court must abstain. "As a general rule, if, at the time the

defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees." *Id*. Whether to award costs and fees "rests within the district court's discretion." *Fincher v. S. Bend Hous. Auth*., 578 F.3d 567, 569 (7th Cir. 2009). In this case, as detailed above, precedent makes clear that all of the elements for abstention are met and fees should be awarded.

## IV. CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court remand this action to state court.

Dated: August 30, 2019                                  Respectfully Submitted,

/s/*Alexander N. Loftus*
One of Plaintiffs' Attorneys

Alexander Loftus, Esq.
Joseph Wojciechowski, Esq.
STOLTMANN LAW OFFICES, P.C.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
T: 312.332.4200
C: 312.772.5396
alex@stoltlaw.com
joe@stoltlaw.com